UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. ALDEN, an individual and SARA J. BOWMAN ALDEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:17-cv-02629 KJM AC (PS)<br><br>AMENDED STATUS (PRETRIAL SCHEDULING) ORDER |

This case is before the undersigned pursuant to Local Rule 302(c)(21).

On July 25, 2018, this case was before the undersigned for a status (pretrial scheduling) conference with all parties present. After hearing, and pursuant to the parties' joint status report, the court enters the following scheduling order:

**SERVICE OF PROCESS**

Service of process is undisputed and defendants have answered and demanded a jury trial. ECF No. 13.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court and upon a showing of good cause.

////

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. § 1331 and 1441. Jurisdiction and venue are undisputed and are hereby found to be proper.

**DISCOVERY**

The parties represent that they have made their initial disclosures on or before the existing deadline of July 17, 2018. ECF No. 17 at 3.

All discovery shall be completed by July 5, 2019. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than June 12, 2019.

The parties are reminded to review the "Standard Information" posted on Judge Claire's webpage (http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/). The undersigned encourages early resolution of discovery disputes outside the formal Local Rule 251 procedures, when appropriate. Upon order of the court or by agreement of the parties, Judge Claire will resolve minor or discrete discovery disputes by conducting an informal telephonic conference. Additional information is available on the court's website linked above.

**EXPERT DISCLOSURE**

The parties are to designate in writing, and serve upon all other parties, the names of all experts they propose to tender at trial in accordance with the following schedule: initial expert disclosures on or before August 5, 2019; rebuttal expert disclosures on or before August 26, 2019. Expert discovery shall be completed by October 11, 2019.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly

proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation. The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

**JOINT MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, the parties shall file with the court a brief joint statement summarizing all law and motion practice heard by the court as of

the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion. The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth herein.

**MOTION HEARING SCHEDULES**

Defendant anticipates filing a motion for summary judgment.

All law and motion, except as to discovery, shall be completed by December 11, 2019. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel and pro se parties (collectively, "counsel"), are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. Available hearing dates may be obtained by calling Valerie Callen, the Courtroom Deputy, at (916) 930-4199.

Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

(a) The opposition and reply must be filed by 4:30 p.m. on the day due; and

(b) When the last day for filing an opposition or reply brief falls on a legal holiday, the opposition or reply brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994) (per curiam).

All purely legal issues are to be resolved by timely pretrial motion. The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above. The parties are cautioned that failure to raise a dispositive legal

issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. Counsel are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.

**FINAL PRETRIAL CONFERENCE**

The final pretrial conference is set before District Kimberly J. Mueller on March 13, 2020, at 10:00 a.m., in Courtroom No. 3, 15th Floor. In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client. All pro se parties must attend the pre-trial conference.

Counsel for all parties and all pro se parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties shall file a <u>joint</u> pretrial conference statement not later than March 6, 2020 at 4:30 p.m.

**At the time of filing the Joint Pretrial Statement, counsel are requested to e-mail the Joint Pretrial Statement and any attachments in Word format to Judge Mueller's chambers at: kjmorders@caed.uscourts.gov.**

Where the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the parties and indicate by appropriate footnotes the disputes concerning such issues. The provisions of Local Rule 281 shall, however, apply with respect to the matters to be included in the joint pre-trial statement. Failure to comply with Local Rule 281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at

trial, no matter for what purpose.  These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial order.  The final pre-trial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint pre-trial statement and participate in good faith at the final pre-trial conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

A jury trial is set to commence before District Judge Kimberly J. Mueller on May 11, 2020, at 1:30 p.m., in Courtroom No. 3, 15th Floor.

The parties anticipate that the trial will take 7-10 days.

**SETTLEMENT CONFERENCE/MAGISTRATE JUDGE AS SETTLEMENT JUDGE**

The parties have requested an early settlement conference before a magistrate judge.  A settlement conference will take place before Magistrate Judge Deborah Barnes on September 19, 2018, at 10:00 AM in Courtroom 27 (DB).

Confidential Settlement Conference Statements are **mandatory** from each party and must be submitted to the undersigned's chambers at least seven (7) calendar days prior to the Settlement Conference.  Electronic submission may be made to dborders@caed.uscourts.gov.  Represented parties must appear with counsel.  All pro se parties must attend.  Telephonic

////

appearances are discouraged and will be permitted only in the rarest of circumstances, upon written request, for good cause.

**SUMMARY OF ORDER**

THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. All discovery shall be completed by July 5, 2019. Motions to compel must be heard not later than June 12, 2019.

2. Initial expert disclosures shall be made on or before August 5, 2019; rebuttal expert disclosures shall be made on or before August 26, 2019. Expert discovery shall be completed by October 11, 2019.

3. All law and motion, except as to discovery, shall be completed as described herein on or before December 11, 2019.

4. A settlement conference shall take place before Magistrate Judge Deborah Barnes on September 19, 2018 at 10:00 AM in Courtroom 27 (DB). Confidential Settlement Conference Statements are mandatory from each party and must be submitted to Judge Barnes's chambers at least seven (7) calendar days prior to the Settlement Conference.

5. The final pretrial conference is set before District Kimberly J. Mueller on March 13, 2020, at 10:00 a.m., in Courtroom No. 3, 15th Floor. Pretrial statements shall be filed in accordance with Local Rules 281 and 282, and the requirements set forth herein.

5. A jury trial is set to commence before District Judge Kimberly J. Mueller on May 11, 2020, at 1:30 p.m., in Courtroom No. 3, 15th Floor.

6. Failure to comply with the terms of this order may result in the imposition of monetary and all other sanctions within the power of the court, including dismissal or an order of judgment.

IT IS SO ORDERED.

DATED: July 26, 2018.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE